## In re NELSON.

### Patent Appeal No. 2548.

Court of Customs and Patent Appeals.
Dec. 1, 1930.

Kwis, Hudson & Kent, of Cleveland, Ohio, and Watts T. Estabrook, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an ex parte appeal from the decision of the Board of Appeals of the United States Patent Office, rejecting certain claims of an application for a patent for a so-called liquid-level indicating device, such as is used to indicate the level of gasoline in automobiles. There are but two appealed claims which follow:

"2. A device for indicating the depth or quantity of liquid in a container comprising an elongated tube open at one end to the liquid at the full depth to be measured, a second elongated tube located closely adjacent and parallel to the first tube and terminating at the end corresponding to the liquid end of the first tube, in a U-shaped portion, a liquid seal in said U-shaped portion being subjected to a pressure equal to that existing in the container above the level of the liquid, and an indicating device connected to the remaining adjacent ends of the two tubes and having indicating means responsive to the pressure in said tubes and adapted to register the difference between said pressures.

"3. A device for indicating the depth or quantity of liquid in a container comprising a tube open at one end to the liquid at the full depth to be measured, an indicating device with which the other end of said tube is connected, said device having indicating means responsive to two actuating pressures and adapted to register the difference between said pressures, a medium in said tube for transmitting to the indicating device as one of these actuating pressures, the pressure existing in the tube and due in part to the hydrostatic head of liquid in the container, in part to the pressure existing in the container above the liquid and in part to changes in temperature of the transmitting medium, and means for producing and communicating to the indicating device as its second actuating pressure one equal to the pressure in the container above the liquid modified to correspond to the change imposed on the first named actuating pressure as a result of changes in temperature of its transmitting medium."

Claim 2 was rejected on the ground that the application as filed does not disclose the subject matter of that part of the claim reading: "An indicating device connected to the remaining adjacent ends of the two tubes and having indicating means responsive to the pressure in said tubes and adapted to register the difference between said pressures."

Claim 3 was rejected on the ground that the applicant does not disclose "an indicating device with which the other end of said tube is connected, said device having indicating means responsive to two actuating pressures and adapted to register the difference between said pressures."

As a further ground of rejection, it was stated that the quoted language is misleading as applied to appellant's device.

Appellant states that the question involved in the decision of this case is: "May the structure carried by the plate 16 be properly designated as an indicating device?" Applicant's disclosure shows two pressure-carrying pipes leading from the gasoline tank to an indicating device on the switchboard. Each pipe is independent of the other, and they are in no way connected. One pipe goes to the bottom of the gasoline tank, has an open end in the tank, and the height of the gasoline in the tank is registered on the switchboard by means of the gasoline entering the open end of the pipe and compressing the air in the pipe, thus controlling the height of the indicating liquid on the switchboard. This feature is not claimed to be new. The other parallel pipe at the tank end curves U-shaped down into the tank and out of it, having no open end, and is intended, through the medium of air pressure, as affected by the difference in temperatures, to register on the

switchboard end of the pipe the effect of the variations of temperature upon this pipe. The two so-called indicating devices on the switchboard have no connection with each other, except that they are parallel with each other and have a row of numbers between them. It is claimed that, by observing the height of the gasoline in the first indicator and calculating the variation of temperature by the second one, the exact amount of gasoline in the tank may be ascertained. A slide, movable by hand up and down the scale of numbers, is provided.

The Examiner and the Board of Appeals found that the function for the two pipes claimed by applicant could only be performed through the medium of calculation, and that the structure did not respond to the term "indicating device." The board further held that "there is no question as to what applicant's construction is, nor that it is novel, but it should be possible to find language to more accurately define it."

Applicant admits that his claims are broad, but defends them upon the theory that broad claims more effectively prevent infringement.

It seems to us that applicant might have been entitled to a patent for the kind of device he has disclosed, but that his disclosure does not warrant the allowance of the claims, which do not read upon the disclosure. We do not think that, either in the drawing or specification, applicant has disclosed a means which registers the difference between the pressures in the two tubes, nor do we think the device as a whole indicates the depth or the quantity of the liquid in the container, in the manner claimed.

The decision of the Board of Appeals is affirmed.

Affirmed.